**RECORD NO. 15-7021**

In The

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## SAMUEL PARRIS,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT ASHEVILLE

—————————

### BRIEF OF APPELLANT

—————————

**Ross Hall Richardson**
**Executive Director**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**

**Joshua B. Carpenter**
**FEDERAL DEFENDERS OF**
  **WESTERN NORTH CAROLINA, INC.**
**1 Page Avenue, Suite 210**
**Asheville, North Carolina  28801**
**(828) 232-9992**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... iii

JURISDICTIONAL STATEMENT ........................................................................ 1

STATEMENT OF THE ISSUE .............................................................................. 1

STATEMENT OF THE CASE ............................................................................... 1

    I.      Conviction and Sentencing ................................................................. 1

    II.     Amendments to the Drug Guidelines ................................................ 3

    III.    Parris's Motion under 18 U.S.C. § 3582(c)(2) ................................. 4

SUMMARY OF ARGUMENT .............................................................................. 7

STANDARD OF REVIEW .................................................................................... 8

ARGUMENT .......................................................................................................... 8

    I.      The District Court Committed Reversible Error In Concluding
          That Parris Is Ineligible For Relief ................................................... 8

          A.     Parris is eligible for a "comparably less" reduction under
               § 1B1.10(b)(2)(B) ................................................................. 9

          B.     The district court's ineligibility determination relies on an
               erroneous interpretation of § 1B1.10 ................................... 10

          C.     The record of the original sentencing confirms that Parris is
               eligible for a sentence reduction ........................................... 14

CONCLUSION ....................................................................................................... 18

REQUEST FOR ORAL ARGUMENT ..........................................................................18

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*DIRECTV, Inc. v. Rawlins,*
    523 F.3d 318 (4th Cir. 2008) ..................................................................14

*United States v. Dixon,*
    490 F. App'x 602 (4th Cir. 2012) ..........................................................14

*United States v. Fennell,*
    592 F.3d 506 (4th Cir. 2010) ..................................................................14

*United States v. Mann,*
    709 F.3d 301 (4th Cir. 2013) ....................................................................8

*United States v. Spinks,*
    770 F.3d 285 (4th Cir. 2014) ..................................................................17

## STATUTES

18 U.S.C. § 3553(e) ..........................................................................*passim*

18 U.S.C. § 3582 ........................................................................................3

18 U.S.C. § 3582(c)(2) ......................................................................*passim*

21 U.S.C. § 841 ..........................................................................................1

21 U.S.C. § 841(b)(1)(A)(viii) ................................................................1

21 U.S.C. § 846 ..........................................................................................1

28 U.S.C. § 1291 ........................................................................................1

## **GUIDELINES**

U.S.S.G. § 1B1.10 ........................................................................*passim*

U.S.S.G. § 1B1.10(b)(1) ................................................................ 9, 10

U.S.S.G. § 1B1.10(b)(2) ................................................................ 9, 10

U.S.S.G. § 1B1.10(b)(2)(B) ..........................................................*passim*

U.S.S.G. § 1B1.10(c) ................................................................3, 4, 12, 13

U.S.S.G. § 1B1.10(e)(1) ....................................................................3

U.S.S.G. § 2D1.1 ............................................................................ 3, 10

U.S.S.G. § 5A ....................................................................................10

U.S.S.G. § 5G1.1(c)(2) ......................................................................17

U.S.S.G. § 5K1.1 ........................................................................*passim*

U.S.S.G. app. C, amend 759 ..............................................................12

U.S.S.G. supp. to app. C, amend. 780 ........................................3, 4, 7, 12

U.S.S.G. supp. to app. C, amend. 782 ..........................................*passim*

## JURISDICTIONAL STATEMENT

Samuel Parris appeals from a judgment entered on June 17, 2015, in the United States District Court for the Western District of North Carolina, which denied his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). JA 37-38. The district court had jurisdiction under § 3582(c)(2). This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Based on Amendment 782 to the Sentencing Guidelines, Parris moved for a "comparably less" sentence reduction under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(2)(B). Did the district court err by concluding that Parris is ineligible for such a reduction because his original sentence—which reflected a 21% departure below the applicable guidelines range—is equal to, rather than below, the statutory minimum?

## STATEMENT OF THE CASE

### I.     Conviction and Sentencing

On June 25, 2008, Parris pled guilty to one count of conspiracy to possess with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. JA 9-17. That offense typically carries a mandatory-minimum sentence of 120 months, but the sentencing court may impose a sentence below the mandatory minimum if the government moves for a downward departure under 18 U.S.C. § 3553(e). *See* 21 U.S.C. § 841(b)(1)(A)(viii) (setting 10-year mandatory

minimum). In Parris's case, the probation office prepared a Presentence Investigation Report ("PSR") that calculated an offense level of 29 and a criminal history category of VI, which combined to produce a guidelines range of 151 to 188 months in prison. *See* JA 62.

Before sentencing, the government "move[d], pursuant to Section 5K1.1 of the Sentencing Guidelines and Title 18, United States Code, Section 3553(e), for a downward departure from the applicable Guideline range to reflect [Parris's] substantial assistance." JA 28. The government's motion recommended that Parris receive a four-level departure to a sentencing range of 110 to 137 months and that the court impose "a sentence within [that] range." *Id.* at 30. Notably, the low end of the recommended range contemplated a sentence below the 120-month mandatory minimum, as authorized by the government's § 3553(e) motion. *See* § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.").

At sentencing the district court (Thornburg, J.) heard argument from the government in support of its downward-departure motion. *See* JA 20-21. The court then granted the motion in full:

> For the reasons set forth in the written motion for downward departure, as well as those orally articulated by the U.S. attorney, the court

determines that the motion for downward departure should be and the same is allowed.

JA 21. The court also accepted the government's recommendation for a four-level departure to a range of 110 to 137 months. *Id.* Following argument from Parris's counsel about the appropriate sentence, the court imposed a sentence of 120 months, equal to 79% of the low end of the pre-departure guidelines range of 151 to 188 months. *Id.* 23. The court entered its judgment on January 28, 2009. *Id.* at 32.

## II.   Amendments to the Drug Guidelines

On November 1, 2014, the Sentencing Commission promulgated two guideline amendments relevant to this case. First, Amendment 782 reduced by two levels the base offense level for drug offenses sentenced under U.S.S.G. § 2D1.1. *See* U.S.S.G. supp. to app. C, amend. 782. The Commission made Amendment 782 retroactive effective November 1, 2015. *See* § 1B1.10(e)(1). By doing so, the Commission provided previously-sentenced drug offenders with an opportunity to seek a sentence reduction under § 3582(c)(2).

Second, Amendment 780 resolved a circuit split about the proper interpretation of § 1B1.10, which governs whether and to what extent a defendant is eligible for a § 3582 sentence reduction based on a retroactive Guidelines amendment (like Amendment 782). In adopting Amendment 780, the Commission added a new subsection, § 1B1.10(c), which provides:

3

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

*Id.*

The effect of this Amendment is to allow a defendant whose original guideline range was based on a statutory minimum to obtain relief under U.S.S.G. § 1B1.10(b)(2)(B). That provision authorizes "a reduction comparably less than the amended guideline range" for a defendant whose sentence was below the original guidelines range based on "a government motion to reflect the defendant's substantial assistance to authorities." *Id.* The Commission explained that this approach was necessary to "ensure[ ] that defendants who provide substantial assistance to the government in the investigation and prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for their assistance." U.S.S.G. supp. to app. C, amend. 780, at 56.

## III.   Parris's Motion under 18 U.S.C. § 3582(c)(2)

On April 21, 2015, the probation office filed a Supplemental PSR in Parris's case, which recommended a sentence reduction under Amendment 782. JA 70-72. In support of its recommendation, the Supplemental PSR notes that the government filed a downward-departure motion on January 26, 2009, and that the court granted

that motion at sentencing on January 28, 2009. *Id.* at 70. It further notes that the 120-month sentence equals 79% of the low end of the original guidelines range. *Id.*

The Supplemental PSR then sets forth the impact of Amendment 782. A two-level decrease in the offense level produces a revised guidelines range of 130 to 162 months. JA 71. Using that range to calculate the permissible reduction under § 1B1.10, the Supplemental PSR recommends a sentence of 103 months—equal to 79% of the low end of the revised range. *Id.* Finally, it states that Parris has successfully completed several "educational programs" and "work assignments" while in BOP custody and has "received no disciplinary actions." *Id.*

On the same day the Supplemental PSR was filed, appointed counsel moved on Parris's behalf for a sentence reduction under Amendment 782. JA 73-75.[1] Because the original sentencing judge, the Honorable Lacy Thornburg, is now retired, Parris's motion was assigned to the Honorable Martin Reidinger. In his motion, Parris agreed with the Supplemental PSR's calculations and requested a reduced sentence of 103 months. *Id.*

On June 1, 2015, the Government filed a response, which agreed with the position set forth in Parris's motion and the Supplemental PSR. JA 77-78. The government concisely explained why relief was warranted:

---

[1] Appointed counsel had previously filed a notice that mistakenly suggested Parris was ineligible for relief. In moving for a sentence reduction, counsel asked the court to disregard the mistaken notice. JA 73 at n.1.

> Because [Parris] was sentenced at 79% of the bottom of his original applicable Guidelines range and because the Government stated in its motion for downward departure [in 2009] that it was being made pursuant to Sentencing Guidelines 5K1.1 and 18 U.S.C. § 3553(e), [Parris] is eligible for a reduction in his sentence to 103 months in prison.

*Id.*

On June 17, 2015, the district court denied Parris's motion, finding that he was ineligible for relief. JA 37-38. In an attachment to its order, the court provided the following rationale:

> Defendant is not eligible for a reduction. He received the mandatory minimum sentence. It is true that the Government moved for a downward departure pursuant to USSG § 5K1.1 and for a sentence below the mandatory minimum pursuant to 18 USC § 3553(e). It appears, however, that only the 5K1.1 was granted. There is nothing in the record to show that the 3553(e) was granted. The text order of January 28, 2009, reflects only the granting of the 5K1.1, and the Statement of Reasons does not show any § 3553(e) motion being granted. Most tellingly, the Government had moved for the Court to depart downward to 110 months, which is below the mandatory minimum, but the Court nonetheless imposed a sentence *at* the mandatory minimum of 120 months. . . .
>
> Since Defendant received the mandatory minimum sentence and no motion has been granted allowing a sentence below that mandatory minimum, Defendant is not eligible for any relief pursuant to 18 USC § 3582.

*Id.* at 38.

Parris timely filed this appeal. JA 39.

## SUMMARY OF ARGUMENT

The district court erred as a matter of law by concluding that Parris "is not eligible for any relief" under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(2)(B). The government and the probation office agreed below that Parris is eligible for a reduction under those provisions, because Amendment 782 lowers his guidelines range and because he received a below-guidelines sentence based on the government's substantial-assistance motion. *See* JA 70, 77-78.

The district court, by contrast, concluded that Parris is ineligible because his original departure sentence was equal to, rather than below, the statutory mandatory minimum. *See* JA 38. But nothing in § 1B1.10 limits a "comparably less" reduction to defendants whose original sentences were set below the mandatory minimum. Instead, the guideline provides that a "comparably less" reduction "may be appropriate" if the sentence was below the applicable guideline range and if the below-guidelines sentence was based on a substantial-assistance motion. U.S.S.G. § 1B1.10(b)(2)(B). Parris satisfies both of those conditions, so he is eligible for a reduction.

Moreover, narrowing the category of defendants eligible for a "comparably less" reduction directly conflicts with the Sentencing Commission's stated policy goal, which is to ensure that defendants who provide substantial assistance "receive the full benefit" of retroactive amendments like Amendment 782. *See* U.S.S.G. supp. to app. C, amend. 780, at 56.

7

The district court (Reidinger, J.) erred by suggesting that the original sentencing court (Thornburg, J.) did not "grant" the government's § 3553(e) motion. On the contrary, the record makes clear that the government's written motion was made "pursuant to" both U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and that the court granted the motion "[f]or the reasons set forth in the written motion for downward departure." *See* JA 77-78; 21. But in any event, Parris would be eligible for relief regardless of whether the district court "granted" the § 3553(e) motion, as the government's *filing* of the motion means that the court is no longer bound by the statutory minimum.

## STANDARD OF REVIEW

Parris claims that the district court erred by concluding that he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782. That claim is reviewed de novo. *United States v. Mann*, 709 F.3d 301 (4th Cir. 2013) (stating that this Court "review[s] a district court's decision to reduce a sentence under § 3582(c)(2) for abuse of discretion and its ruling as to the scope of its legal authority under § 3582(c)(2) de novo").

## ARGUMENT

**I.     The District Court Committed Reversible Error In Concluding That Parris Is Ineligible For Relief.**

As both the government and the probation office recognized, this case involves a straightforward application of U.S.S.G. § 1B1.10. Under § 1B1.10(b)(2)(B), Parris is

8

eligible for a "comparably less" reduction to a sentence of 103 months. The district court's contrary conclusion is erroneous and should be reversed.

### A.    Parris is eligible for a "comparably less" reduction under § 1B1.10(b)(2)(B).

The plain language of § 1B1.10 sets out a two-step process for determining whether a defendant is eligible for a sentence reduction based on a retroactive guidelines amendment (like Amendment 782). First, subsection (b)(1) directs the court to "determine the amended guideline range that would have been applicable to the defendant if the [retroactive] amendment(s) . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). In so doing, the court "shall substitute only the [retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.*

Second, subsection (b)(2) creates a special rule for a defendant whose substantial assistance resulted in a term of imprisonment that "was less than the term of imprisonment provided by the guideline range applicable . . . at the time of sentencing." § 1B1.10(b)(2)(B). For such a defendant, the guideline instructs that "a reduction comparably less than the amended guideline range . . . may be appropriate." *Id.*

That procedure applies to Parris as follows. At the original sentencing, the district court calculated an offense level of 29 and a criminal history category of VI.

*See* JA 21, 66. After granting the government's motion for downward departure, it imposed a sentence of 120 months, equal to 79% of the low end of his original Guidelines range.[2] JA 21. Amendment 782 reduces by two levels Parris's offense level under U.S.S.G. § 2D1.1, resulting in a total offense level of 27. The result under § 1B1.10(b)(1) is an amended guidelines range of 130 to 162 months. *See* U.S.S.G. § 5A (range applicable to offense level 27 and criminal history category of VI). Therefore, under § 1B1.10(b)(2), he is eligible for a "comparably less" reduction to a sentence 103 months, equal to 79% of the low end of amended range.

The government and the probation office agreed that Parris is eligible for a reduction to a 103-month sentence. *See* JA 71, 77-78.

## B.   The district court's ineligibility determination relies on an erroneous interpretation of § 1B1.10.

In holding that Parris is ineligible for a sentence reduction, the district court relied on the fact that his original sentence was at—rather than below—the mandatory minimum of 120 months. JA 38. This outcome, the court reasoned, meant that the government's § 3553(e) motion was not "granted" and that, as a result, a sentence reduction was not permitted. In other words, the court reasoned that a defendant is only eligible for a "comparably less" reduction to a sentence below the mandatory minimum if the original sentence is also below the mandatory minimum. The court's reasoning conflicts with § 1B1.10 and with the record in this case.

---

[2] Or, said differently, it reflected a 21% reduction below the low-end of the original Guidelines range.

First, and most importantly, the limitation imposed by the district court finds no support in the text of § 1B1.10. The relevant provision sets forth two conditions that must be satisfied before a defendant is eligible for a "comparably less" reduction: (1) the defendant's sentence must be "less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing" and (2) the basis for the below-guidelines sentence must be "a government motion to reflect the defendant's substantial assistance to authorities." § 1B1.10(b)(2)(B). Both conditions are satisfied here: (1) Parris's sentence of 120 months is below his original guidelines range of 151 to 188 months; and (2) the basis for the below-guideline sentence is the government's motion for a downward departure based on substantial assistance. *See* JA 28.

Put another way, the text of § 1B1.10 imposes *only* two conditions for a "comparably less" reduction. The district court erred by adding a third. If the Sentencing Commission had intended the existence of a statutory mandatory minimum to provide a constraint on the scope of a "comparably less" reduction, it would have said so explicitly. Its decision not to do so makes plenty of sense from a policy perspective. A government motion for a substantial-assistance departure under 18 U.S.C. § 3553(e) authorizes the sentencing court to impose a sentence below the mandatory minimum. The starting point for a departure is the applicable guidelines range, and the departure is required "to reflect" the value of the assistance. 18 U.S.C. § 3553(e); *see also* U.S.S.G. § 5K1.1 (listing five assistance-related factors for

11

determining the "appropriate" size of a substantial-assistance departure). Based on this framework, the Commission could quite reasonably conclude that whether the initial guidelines departure yielded a sentence above, below, or at the mandatory minimum is irrelevant to calculating the appropriate extent of a "comparably less" reduction under § 1B1.10(b)(2)(B).

Second, the district court's insertion of an additional condition conflicts with the Commission's stated policy goals. In its recent amendments to § 1B1.10, the Commission resolved a circuit split in favor of making "comparably less" reductions more broadly available. It explained that its approach sought to "ensure[ ] that defendants who provide substantial assistance to the government in the investigation and prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for their assistance." U.S.S.G. supp. to app. C, amend. 780, at 56.[3] By adding a condition that limits eligibility for a "comparably less" reduction, the district court's rationale undermines the Commission's stated policy objective.

Third, the language of § 1B1.10(c) confirms that the *filing* of a § 3553(e) motion in the original proceeding is enough to permit a "comparably less" reduction below

---

[3] *See also id.* ("The guidelines and the relevant statutes have long recognized that defendants who provide substantial assistance are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum. Applying this principle when the guideline range has been reduced and made available for retroactive application under [§] 3582(c)(2) appropriately maintains this distinction and furthers the purposes of sentencing.") (quoting U.S.S.G. app. C, amend 759).

the mandatory minimum; the original sentence need not be below the mandatory minimum. Subsection (c) was added by the recent amendments and it provides as follows:

> If the case involves a statutorily required minimum sentence and the court *had the authority* to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of [U.S.S.G. §] 5G1.1 [which sets the guideline range as no less than the statutory minimum] . . .

§ 1B1.10(c) (emphasis added).

The provision doesn't come directly into play in this case because the amended guidelines range—of 130 to 162 months—remains entirely above the 120-month statutory minimum. Nonetheless, the language of § 1B1.10 confirms that the Commission chose not to make the scope of a "comparably less" reduction contingent on an original sentence below the statutory minimum. If the Commission had intended the more restrictive approach followed by the district court, it would have written subsection (c) to apply only where the sentencing court *exercised* the authority to impose a sentence below the statutory minimum. Instead, it wrote the provision to apply any time the court "*had* the authority"—regardless of whether it exercised that authority.

Here, the filing of the government's § 3553(e) motion gave the sentencing court authority to impose a sentence below the mandatory minimum. *See* 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court *shall have the authority* to

impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.") (emphasis added); *see also United States v. Fennell*, 592 F.3d 506, 509 (4th Cir. 2010) ("a district court may depart from the statutory minimum sentence in any instance in which the government *has moved* for a departure pursuant to § 3553(e)") (emphasis added). The sentencing court decided that Parris's assistance warranted a 21% departure from the low end of the guidelines range, a reduction from 151 months to 120 months. Both the plain language of § 1B1.10 and the Commission's underlying policy goals establish that Parris should receive a "comparably less" reduction based on the amended guidelines range under Amendment 782.

### C.   The record of the original sentencing confirms that Parris is eligible for a sentence reduction.

The record in this case further undermines the district court's conclusion that Parris is ineligible for a sentence reduction. Because the district court's conclusion that Parris is ineligible relies in part on a mistaken understanding of the record, the court has necessarily abused its discretion. *See United States v. Dixon*, 490 F. App'x 602, 603 (4th Cir. 2012) (unpublished) (holding that a district court abuses its discretion if it denies a § 3582(c)(2) motion based "on an erroneous factual or legal premise") (citing *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 323 (4th Cir. 2008)).

14

As an initial matter, it is worth noting that Parris's sentence-reduction motion was considered by a different judge (Judge Reidinger) than the one who conducted his original sentencing (Judge Thornburg, who has since retired). In finding Parris ineligible, Judge Reidinger suggested that "[t]here is nothing in the record" to show that Judge Thornburg "granted" the government's § 3553(e) motion. JA 38.

The court's focus on whether the § 3553(e) motion was "granted" is misplaced. As noted above, § 1B1.10(b)(2)(B) requires only that the original sentence be below the original guideline range, not that it be below the mandatory minimum. Because the government's *filing* of a § 3553(e) motion gave the court authority to sentence below the mandatory minimum, Parris is eligible for a "comparably less" sentence reduction. *See supra* Section I.B.

In any event, the record of the original sentencing confirms that both the government and the court treated the § 5K1.1 and § 3553(e) motions as coextensive. In its sentencing memorandum and again at the sentencing hearing, the government's attorney made no distinction between the two separate legal bases for its joint motion and cited the same factors as supporting both. Likewise, at the hearing, the district court made no distinction between the two motions and instead "allowed" the motion "[f]or the reasons set forth in the written motion for downward departure, as well as those orally articulated by the U.S. attorney." JA 21. The court's adoption of "the reasons set forth in the written motion for downward departure"—which expressly invoked § 3553(e)—confirms that the § 3553(e) motion was granted.

15

In explaining its ineligibility determination, the district court noted that "[t]he text order of January 28, 2009, reflects only the granting of the § 5K1.1, and the Statement of Reasons does not show any § 3553(e) motion being granted." JA 38. Contrary to the district court's suggestion, neither item suggests the § 3553(e) was denied.

The "text order" reflected on the electronic docket does not alter the substance of what happened in the actual hearing. As a practical matter, the electronic docket entry refers to "5K1.1" because the corresponding docket entry for the government's motion (JA 28) also refers only to "5K1.1." But the government's motion states unequivocally that it is made "pursuant to Section 5K1.1 of the Sentencing Guidelines *and* Title 18, United States Code, Section 3553(e)." JA 28 (emphasis added). The electronic caption does not change the motion's substance, nor does it override the court's statement that it granted the motion "[f]or the reasons set forth in the written motion for downward departure." JA 21.

Similarly, the Statement of Reasons establishes that the court granted the § 5K1.1 motion and imposed a sentence below the applicable guidelines range. JA 67. To be sure, the Statement of Reasons does not check the box indicating that a sentence below the mandatory minimum was imposed based on § 3553(e). JA 66. But that's because the district court imposed a sentence at the minimum rather than below it. In other words, while the district court had the authority to go below the mandatory minimum based on the § 3553(e) motion, it exercised its discretion to

16

depart from a guidelines range of 151 to 188 months down at a sentence of 120 months. Nothing about that decision suggests the court lacked authority under § 3553(e) to go below the mandatory minimum. Instead, it shows that the court deemed the assistance provided by Parris to merit only a 21% reduction from the low end of the applicable guidelines range. *See* U.S.S.G. § 5K1.1 (listing five assistance-related factors for determining the "appropriate" size of a substantial-assistance departure); *see also United States v. Spinks*, 770 F.3d 285, 287-88 (4th Cir. 2014) (holding that extent of a substantial-assistance departure must be based only on factors related to substantial assistance).

If there were any doubt about the original sentencing court's understanding of its authority to go below the mandatory minimum, it should be resolved by the transcript of the sentencing hearing. Specifically, the court granted the government's motion and stated that it would consider a sentence within the range of 110 to 137 months. JA 21. If the court had considered itself bound by the mandatory minimum even in the face of the government's § 3553(e) motion, it would have stated here that the low end of the range was 120 months, not 110 months. *See* U.S.S.G. § 5G1.1(c)(2) (2008) (providing that the guideline sentence must be "not less than any statutorily required minimum sentence").

Thus, the record confirms the original sentencing court understood that the government's § 3553(e) motion gave it the authority to impose a sentence below the mandatory minimum. Because that court concluded that Parris's assistance warranted

17

a 21% departure from the low end of the guidelines range, he is eligible under

§ 1B1.10(b)(2)(B) for a comparable reduction below the amended guidelines range.

## CONCLUSION

For these reasons, this Court should conclude that Parris is eligible for a

sentence reduction to 103 months under § 1B1.10(b)(2)(B). It should, therefore,

vacate the district court's order finding him ineligible for relief.

## REQUEST FOR ORAL ARGUMENT

Parris respectfully requests oral argument because he believes it would aid the

Court in deciding the issue presented in this appeal. Moreover, this issue will recur for

numerous defendants who, like Parris, received a substantial-assistance departure to a

sentence below the applicable guidelines range but equal to or above the mandatory

minimum. For that reason, a published decision is needed to guide the district courts

in this circuit.

If Parris receives the sentence reduction recommended by the government and

the probation office, he would be eligible for release in January or February 2016. He

therefore requests that oral argument be scheduled for the Court's sittings in October

or December 2015.

Respectfully submitted,

Ross Hall Richardson
Executive Director
FEDERAL DEFENDERS OF
WESTERN NORTH CAROLINA, INC.

/s/ Joshua B. Carpenter
Appellate Attorney
FEDERAL DEFENDERS OF
WESTERN NORTH CAROLINA, INC.
One Page Avenue, Suite 210
Asheville, North Carolina 28801
(828) 232-9992

*Counsel for Appellant*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*4,291*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Garamond*]; or

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>September 10, 2015</u>          <u>/s/ Joshua B. Carpenter</u>
                                        *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 10th day of September, 2015, I caused this Brief of

Appellant and Joint Appendix to be filed electronically with the Clerk of the Court

using the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

> Amy E. Ray
> OFFICE OF THE U.S. ATTORNEY
> 100 Otis Street, Room 233
> Asheville, North Carolina 28801
> (828) 271-4661
>
> *Counsel for Appellee*

I further certify that on this 10th day of September, 2015, I caused the required

copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of

the Court and a copy of the Sealed Volume of the Joint Appendix to be served on

CD, via UPS Ground Transportation, upon counsel for the Appellee, at the above

address.

/s/ Joshua B. Carpenter
*Counsel for Appellant*
